UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

TROY THOMPSON,

       Petitioner,

  -v-                                      No. 13 Civ. 9126 (LTS)(JLC)

JANET NAPOLITANO et al.,

       Respondents.

--------------------------------------------------------x

## MEMORANDUM ORDER

       Pro se Petitioner Troy Thompson ("Petitioner" or "Thompson") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), challenging his detention by the United States Immigration and Customs Enforcement ("ICE" or "the Government"). Thompson has been held since July 26, 2013, under section 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c) ("Section 1226(c)"), which mandates the detention of certain criminal aliens for the duration of their removal proceedings. In his Petition, Thompson argues that he is not subject to Section 1226(c), that his right to due process has been violated, and that he is entitled to a prompt individualized bond hearing. Thompson also asserts a claim of ineffective assistance of counsel. The Court has reviewed carefully Magistrate Judge James Cott's thoughtful Report and Recommendation (the "Report") (docket entry no. 12), which recommends that Thompson's Petition be granted. The Court has also reviewed the Government's Objections to the Report (docket entry no. 13) as well as the underlying record. For the following reasons, the Court denies Thompson's Petition.

Thompson, a native and citizen of Jamaica, argues that he is not subject to mandatory detention under Section 1226(c) because he was not taken into ICE custody until several years after he completed a 71-month custodial sentence for a federal narcotics conviction. Thompson was released from custody on supervised release on July 9, 2007. On March 17, 2013, Thompson was arrested for operating a motor vehicle while impaired by drugs, and unlawful possession of marijuana, at which time the New York State Police referred him to ICE. On July 26, 2013, he was served with a Notice to Appear[1] and taken into custody at the Orange County Jail in Goshen, New York. (Id. at 3.) When Thompson sought review, the Immigration Judge assigned to his case determined that he was not eligible for release on his bond because he was subject to mandatory detention under Section 1226(c).

DISCUSSION

When reviewing a report and recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.S. § 636(b)(1)(C) (LexisNexis 2013). A district court must conduct a de novo review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. See 28 U.S.C. § 636(b)(1)(C); see also McDonaugh v. Astrue, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009). When neither party has filed an objection, the Court reviews the Report and Recommendation for clear error. See Maslin v. Comm'r of Soc. Sec., No. 11 Civ. 8709(JPO), 2014 WL 1395017, at *1 (S.D.N.Y. Apr. 10, 2014).

---

[1] ICE determined that Thompson was subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of two aggravated felonies, specifically an offense related to illicit trafficking in a controlled substance and an offense pertaining to an attempt or conspiracy to commit a drug trafficking crime, and 8 U.S.C. § 1227(a)(2)(B)(i) for having been convicted of a violation relating to a controlled substance. (See Report at 3.)

The Court recently issued a Memorandum Opinion and Order in a case arising from factual circumstances similar to those presented here.  See Debel v. Dubois, 13 Civ. 6028(LTS)(JLC), 2014 WL 1689042 (S.D.N.Y. Apr. 24, 2014).[2]  As explained in that opinion, the Court respectfully disagrees with Magistrate Judge Cott's recommended conclusions regarding the scope of the mandatory detention statute.  In Debel, the Court deferred to the determination of the Board of Immigration Appeals ("BIA") regarding the applicability of Section 1226(c) to an alien arrested after release into the community, as memorialized in In Re Victor Leonardo Rojas, 23 I. & N. Dec. 117, 2001 WL 537957 (BIA May 18, 2001).  See Debel, 2014 WL 1689042, at *4 ("the [f]inding that a longer delay between release and apprehension would take an alien outside the scope of § 1226(c) would be inconsistent with the BIA's determination in Rojas. . . .  As a result, the Rojas opinion merits Chevron deference,[3] and the BIA's interpretation must be adopted if it is a reasonable construction of the statute").  Under the BIA's interpretation of Section 1226(c), the statute applies to an individual who, like Thompson, was at liberty in the community after a qualifying conviction and before his arrest and detention in connection with removal proceedings.  As the Court finds that the BIA's interpretation of Section 1226(c) is reasonable, Thompson's detention is mandatory under the statute.

The Court further finds, for substantially the same reasons as outlined in Debel, that the rule of lenity does not support granting Thompson's habeas petition.  See Debel, 2014 WL 1689042, at *5 (petitioner's "deportability is not at issue.  The rule of lenity is thus inapposite.").  Nor has the length of Thompson's detention without a hearing violated his constitutional right to due process.  See Demore v. Kim, 538 U.S. 510, 526, 530 (2003) (holding

---

[2]   A copy of the Debel opinion will be provided to Petitioner with this Order.

[3]   See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).

that the "Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings" and observing that such proceedings typically take less than five months in cases in which the alien chooses to appeal, but a detention period of six months was constitutionally permissible).  Here, Thompson was detained for approximately seven months before the immigration judge ordered him removed.  (Report at 13.)  As Judge Cott observes in his Report, "given the current length of detention and the fact that Thompson is already in administrative appellate proceedings," there is no basis for finding that Thompson's detention violates his due process rights.  (Id.)

The Court adopts Judge Cott's recommendation that the Court deny Thompson's claim of ineffective assistance of counsel because the claim is not properly before the Court and is not determinative of Thompson's removability or detention status, as his removal proceedings are premised both on his 2002 federal court conviction and his prior state conviction in 2000. (See Report at 14-15.)  A collateral attack on the length of Thompson's sentence is properly brought either on direct appeal or in a petition pursuant to 28 U.S.C. § 2255 after sentencing.

CONCLUSION

For the foregoing reasons, the Court declines to adopt the Report's recommended conclusion that Thompson's Petition should be granted; but adopts the Report's recommended conclusions that the Petition should be denied without prejudice insofar as it is based on the length of Petitioner's confinement to date and that Thompson's claim for ineffective assistance of counsel should be dismissed.

The Court denies Thompson's Petition for a writ of habeas corpus.

The Clerk of Court is respectfully requested to enter judgment accordingly and to

close this case.

                  SO ORDERED.

Dated: New York, New York
       May 30, 2014

                                    s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    United States District Judge

Copy mailed to:
Troy Thompson
044-859-115
Orange County Jail
110 Wells Farm Road
Goshen, NY 10924

With copy of: <u>Debel v. Dubois</u>, 2014 WL 1689042 (S.D.N.Y. Apr. 24, 2014).